## Youle v. Brown.

1. *Verdict.*—Where there is evidence to support the finding of the jury, it will not be disturbed.

2. *Juror's Improper Conduct.*—An affidavit based upon information and belief, is insufficient to support an objection to a verdict on the ground that the jury arrived at their finding by setting down on separate pieces of paper, the amount each juror was willing to allow, and dividing the aggregate by twelve.

**Memorandum.**—Breach of warranty. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed March 6, 1893.

APPELLANT'S BRIEF, CHARLES M. PEIRCE, ATTORNEY.

A verdict arrived at by lot or chance can be impeached by the affidavit of jurors in all of the following States: Ark. Dig. Stat. 1874, Par. 1979; Cal. Code Civil Prac., Par. 657; Texas Code Cr. Prac. 1879, Art. 777, Par. 3–8; Polhemus v. Heiman, 50 Cal. 438; Fain v. Goodwin, 35 Ark. 109; Cowperthwaite v. Jones, 3 Dall. (U. S.), 55; Harvey v. Jones,

Youle v. Brown.

3 Humph. (Tenn.), 157; Crabtree v. State, 3 Sneed (Tenn.), 302; Ry. Co. v. Winters, 85 Tenn. 240; Fuller v. Ry. Co., 31 Iowa, 211; Johnson v. Hubbard, 22 Kan. 277; Hunter v. State, 8 Tex. App. 75.

A quotient verdict is illegal; see Joyce v. State, 7 Baxt. (Tenn.) 87; Haught v. Hoyt, 500 Conn. 583; Johnson v. Hubbard, 22 Kas. 277; Leverett v. State, 3 Tex. App. 213; Tinkle v. Dunivant, 16 Lea (Tenn.), 503; Miller v. Ry. Co., 5 Mo. App. 471; Roy v. Goings, 112 Ill. 656.

Appellee's Brief, Rowell, Neville & Lindley, Attorneys.

"Jurors may resort to a process of taking the sum of the amounts in the mind of each juror and dividing by twelve, as a matter of experiment, and for the purpose of ascertaining how nearly the result obtained may suit the views of the different jurors." City of Pekin v. Winkel, 77 Ill. 58.

"The subsequent polling of the jury and their separate answers relieves the verdict of all "objection," even in a case where it should be shown that there was a preliminary understanding that the result found by the process adopted should be the verdict. City of Pekin v. Winkel, 77 Ill. 58; Roy v. Goings, 112 Ill. 656.

"It is error to permit the jurors to testify or be questioned (before they are discharged) as to the mode in which they arrived at the amount of damages." Roy v. Goings, 112 Ill. 656.

In the case of City of Pekin v. Winkel, 77 Ill. 56, the verdict returned by the jury was for $275.16⅔, and it was decided by the opinion in that case that the fact that the verdict contained a fraction of a cent was no evidence that the verdict was a chance verdict.

Opinion of the Court, Wall, J.

The appellee recovered a judgment against the appellant upon an alleged breach of warranty in the sale of a mare.

It appears from the evidence that on the 9th of February, 1892, there was a public sale of horses at the premises of one Crawford. After a number of horses belonging to Crawford had been sold, the animal in question, belonging

to appellee, was led out by a son of Crawford, and was put up for sale and was finally struck off to the appellant.

The testimony offered by appellee tends to prove that Crawford stated in reply to a general question by the auctioneer that the mare was all right, and that in reply to a particular question put by appellee when he was about to bid, whether her wind was sound, he said, " the mare is sound and all right." After the mare had been struck off to him, the appellee learned for the first time that she was the property of appellant, who was present, and he then inquired particularly of the latter as to the mare's wind and received the same assurance. The following day and before the money was paid and the property was delivered, this assurance was given again. The testimony for the appellant strongly tends the other way as to all this. The mare proved to be wind-broken, and there is testimony tending to show appellant knew it. This he also denied, although he had owned the mare a considerable time.

The jury settled the question of fact adversely to appellant. It was probably correct. We find no reason to interfere with the conclusion thus reached. It is suggested in the brief of appellant that the court erred in giving certain instructions asked by appellee and in refusing certain instructions asked by appellant.

No particular objections are pointed out as to the former. As to the latter, we find on inspecting the record, that a large number of instructions, not set out in the abstract, were given for appellant. Upon reading the whole series given on both sides, we are of opinion the appellant has no occasion to complain. Nor do we find any important error in the rulings of the court on the admission of evidence.

It is objected that the jury arrived at their verdict by an improper method, viz., by setting down on separate pieces of paper the amount each juror was willing to allow, and dividing the aggregate by twelve. The affidavit offered in support of this objection was insufficient in that it was based upon information and belief merely. City of Pekin v. Winkel, 77 Ill. 58.

The judgment will be affirmed.